UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:11-cv-693-J-34JRK

MARIO A. MANAGO,

    Plaintiff,

v.

LVNV FUNDING LLC;
EQUIFAX  INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.;
and TRANS UNION LLC,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARIO MANAGO, by and through his undersigned counsel, sues Defendants,

LVNV FUNDING LLC, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN

INFORMATION SOLUTIONS, INC. and TRANS UNION LLC, and state as follows:

1.      This Court has jurisdiction under 15 U.S.C. §1681p.

2.      Plaintiff, Mario Manago ('Plaintiff'), is a consumer as defined by the Fair Credit

Reporting Act ('FCRA'), 15 U.S.C. § 1681a(c).

3.      Defendant, LVNV Funding LLC ('LVNV'), is a debt collector as defined under the

Florida Consumer Collection Practices Act ('FCCPA'), Fla. Stat. §599.55(6).

4.      Defendant, LVNV Funding LLC ('LVNV'), is a business that furnishes information

to consumer reporting agencies under 15 U.S.C. § 1681s-2.

5.      Defendant Equifax Information Services LLC ('Equifax') is a consumer reporting

agency as defined by FCRA, 15 U.S.C. § 1681a(f).

6.      Defendant Experian Information Solutions, Inc. ('Experian') is a consumer reporting

reporting agency as defined by FCRA, 15 U.S.C. § 1681a(f).

7.      Defendant Trans Union LLC ("Trans Union") is a consumer reporting agency as defined by FCRA, 15 U.S.C. § 1681a(f).

8.      Defendants Equifax, Experian, and Trans Union, have prepared and issued consumer credit reports concerning plaintiff which include inaccurate information.

9.      Plaintiff has repeatedly notified said Defendants that he disputed the accuracy of the information Defendants were reporting and the information in Defendants' files on Plaintiff.

10.      Said Defendants notified Defendant LVNV of Plaintiff's disputes.

11.      Defendants continued to report this inaccurate information.

12.      Plaintiff is currently serving in the U.S. Air Force on active duty in Japan.

13.      In 2010, Plaintiff applied for an advanced position with the Air Force, but which required a background check and evaluation for security clearance.   At that time, Plaintiff received his credit reports from Trans Union, Equifax and Experian and discovered inaccurate information concerning an alleged debt owed in the amount of $691.34 to Credit One Bank and Defendant LVNV Funding.

14.      On June 6, 2010, Plaintiff telephoned Credit One Bank and Defendant LVNV requested validation of the alleged debt and for the creditors to send him documentation of said debt because it did not belong to him.

15.      One June 8, 2010, Plaintiff mailed certified letters to Credit One Bank and Defendant LVNV, dated June 6, 2010, disputing the alleged debt, requested validation of said debt and requested the cease of collection of said debt until verified. See Exhibits "A" and "B" attached

2

hereto respectfully.[1]

16.    On June 19, 2010, Plaintiff received a letter from Stephens and Michaels Associates, Inc., dated June 7, 2010, stating the alleged debt was listed with them for collection from Plaintiff by their client, Resurgent Capital Service, on behalf of the owner of said debt, Defendant LVNV Funding.

17.    On June 22, 2010, Plaintiff sent a certified letter to Resurgent Capital Services requested validation and proof of the alleged debt owed to Resurgent Capital Services in the amount of $691.34.

18.    On June 29, 2010, Plaintiff sent a second certified letter to Credit One Bank advising them he had been informed by Stephens and Michaels that Credit One Bank had transferred ownership of the alleged debt to Defendant LVNV and requested Credit One Bank submit a request to delete the tradelines to Trans Union, Equifax and Experian.

19.    On July 12, 2010, Plaintiff received correspondence from Resurgent Capital Services in response to Plaintiff's letter dated June 29, 2010, informing Plaintiff that the debt had been verified and he would not be receiving further communications from their offices. The verification provided by Resurgent Capital Services was from LVNV Funding stating the amount of the alleged debt was for $691.24.

20.    On July 14, 2010, Plaintiff sent a certified letter to Resurgent Capital Services informing them that Capital One Bank failed to verify the alleged debt and enclosed a copy of Capital One's correspondence dated June 17, 2010 advising said debt had been transferred to Sherman Financial.   At that time, Plaintiff requested Resurgent Capital Services delete the alleged

[1] Plaintiff has redacted his social security, except last four digits and account numbers, except last four digits from all exhibits attached to the complaint.

debt for failure to verify or provide proof of said debt as required under the provisions of the state and federal Fair Debt Collection Practices Act (FDCPA) and other related laws.

21.     On August 3, 2010, Plaintiff sent a second certified letter to Defendant LVNV notifying them he had not received a response from them to his June 6, 2010 letter requesting verification and proof of the alleged debt, and therefore, to delete said debt since they failed to provide verification and proof of same. In addition thereto, Plaintiff also requested Defendant LVNV to submit a "deletion request" to Trans Union, Equifax and Experian.   See Exhibit "C" attached.

22.     On September 14, 2010, Plaintiff sent a third certified letter to Defendant LVNV notifying them they had failed and refused to respond to his previous letters dated June 6, 2010 and August 3, 2010, and was again disputing the alleged debt, requesting verification and proof of the alleged debt.   See Exhibit "D" attached hereto.

23.     On September 14, 2010, Plaintiff sent a third letter certified letter to Credit One Bank notifying them they had failed and refused to respond to his previous letters dated June 6, 2010 and June 28, 2011 requesting verification of the alleged debt and deletion of same from his credit reports be sent to the three major credit bureaus.   Plaintiff, once again, requested Credit One Bank submit a "Deletion Request" to Trans Union, Equifax and Experian.   See Exhibit "E" attached hereto.

24.     On October 7, 2010, Plaintiff sent a certified letter receipt requested to Resurgent Capital Services marked as his "final notice" requesting deletion of the alleged debt for failure of Resurgent Capital Services and  Defendant LVNV to provide verification and proof of said alleged debt and further requested that Resurgent Capital Services notify Defendants Trans Union,

4

Equifax and Experian of said deletion.

25.     On October 8, 2010, Plaintiff received a letter from Credit One Bank in response to his previous letters advising that ownership of the alleged debt had been transferred to Sherman Financial and that they had forwarded his request for verification and proof of said debt to Sherman to respond.

26.     On information and belief, Defendant LVNV, Resurgent and Sherman are related debt collection companies.

27.     On October 19, 2010, Plaintiff sent express letters to Defendants Trans Union, Experian and Equifax, dated September 18, 2010, with documentation disputing the alleged debt with creditors and collection agencies requesting that the inaccurate information be deleted from his credit reports.   See Exhibits "F," "G," and "H" attached hereto.

28.     On October 25, 2010, Plaintiff received correspondence from Defendant Experian in response to Plaintiff's aforesaid request, advising the documentation provided by Plaintiff could not be used in disputing the alleged debt. See Exhibit "I" attached hereto.

29.     On November 19, 2010, Plaintiff received notification from Defendant Equifax advising that despite its reinvestigation, Capital One Bank remained on his credit report as a bad debt. See Exhibit "J" attached hereto.

30.     On November 23, 2010, Plaintiff received his credit report from Defendant Experian as updated showing accounts for both LVNV and Capital One Bank as verified. See Exhibit "K" attached hereto.

31.     On January 11, 2011, Plaintiff sent express letters dated January 7, 2010, to Defendants Trans Union, Experian and Experian advising the alleged debt was not a legitimate

5

account, requested that the inaccurate information be reinvestigated and enclosed supporting documentation regarding same. In addition thereto, Plaintiff notified said credit bureaus that the erroneous information had comprised his employment with the U.S. Air Force, prevented him from securing a loan and purchasing a wedding ring, categorized his credit rating as poor and has caused him much humiliation.   See Exhibits "L," "M," and "N" attached hereto.

32.     On January 20, 2011, Plaintiff received correspondence from Defendant Experian refusing to reinvestigate the alleged debt as previously verified with Credit One Bank and LVNV and credit report would remain unchanged. See Exhibit "O" attached hereto.

33.     On February 3, 2011, Plaintiff received correspondence dated January 20, 2011 from Defendant Equifax denying him the reinvestigation results until he provided various forms of identification.   See Exhibit "P" attached hereto.

34.     On February 3, 2011, Plaintiff filed a complaint with the Better Business Bureau of Upstate South Carolina against Resurgent Capital Services.

35.     On February 3, 2011, Plaintiff filed a complaint with Better Business Bureau of Southern Nevada against Credit One Bank.

36.     On February 3, 2011, Plaintiff filed a complaint with the Federal Trade Commission against Stephens and Michaels Associates, LVNV, Resurgent Capital Services, Trans Union, Equifax and Experian.   See Exhibit "Q" attached hereto.

37.     On February 7, 2011, Plaintiff received correspondence from the Better Business Bureau in response to complaint filed against Capital One Bank

38.     On or about February 14, 2011, the Better Business Bureau provided Plaintiff with a copy of Resurgent Capital Services' response to said BBB complaint, which indicated Defendant

6

LVNV currently owned the alleged debt and Resurgent Capital Services is the master servicer of accounts owned by Defendant LVNV.   Resurgent Capital Services further stated that on or about November 17, 2008, the alleged debt was previously sold by creditor, MHC Receivables LLC. Resurgent Capital Services was advised by MHC the alleged debt originated with Credit One bank on or about March 7, 2008 under the name of Mario Mango with social security number ending in 5682, but was charged off on October 27, 2008 with a balance of $691.24.   Furthermore, Resurgent Capital Services stated that the Plaintiff was provided with verification of the alleged debt on June 29, 2010 and said alleged debt had been placed on "hold" since Plaintiff is currently on active duty and all collection activity has ceased until Plaintiff becomes inactive.

39.     On February 16, 2011, Plaintiff received correspondence, dated February 4, 2011, from Defendant Trans Union in response to his request for verification of alleged debt; Trans Union advised LVNV and Credit One Bank verified said debt belonged to Plaintiff.   See Exhibit "R" attached hereto.

40.     On February 23, 2011, Plaintiff received notification from the Better Business Bureau inquiring if Plaintiff received a response from Capital One Bank (Credit One Financial) in response to his complaint filed against them with their agency.   Plaintiff responded advising no response received from Credit One Financial.

41.     On February 24, 2011, Plaintiff received correspondence, dated February 13, 2011, from Defendant Equifax in response to Plaintiff's request for reinvestigation of alleged debt, advised said debt verified by Credit One Bank belonged to Plaintiff.   See Exhibit "S" attached hereto.

42.     On March 24, 2011, Plaintiff received correspondence from Better Business

Bureau advising no response from Capital One Bank to Plaintiff's complaint.

## FIRST CLAIM FOR RELIEF

### (Against Equifax)

### (Negligent Noncompliance with FCRA)

43.     Plaintiff realleges and incorporates paragraphs 1 through 42.

44.     Defendant Equifax negligently failed to comply with the requirements of FCRA, including but not limited to:

(a)     failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 USC §1681e(b);

(b)     failing to provide the furnisher of disputed information with all relevant information regarding the dispute that Defendant, EQUIFAX, received from Plaintiff in accordance with 15 U.S.C. § 1681i(a)(2)(A);

(c)     failing to review and consider all relevant information submitted by Plaintiff in conducting reinvestigations of disputed accounts in accordance with 15 U.S.C. § 1681i(a)(4);

(d)     failing to comply with the permissible purpose requirements in 15 U.S.C. §1681b in that the credit bureau released Plaintiff's credit report to Defendant, LVNV, after it was provided with objective evidence that plaintiff did not owe a debt to Defendant, LVNV;

(e)     failing to comply with 15 U.S.C. § 1681e(a) in that the credit bureau did not maintain reasonable procedures designed to avoid violations of section 1681c of the Fair Credit Reporting Act and to limit the furnishing of consumer reports to the

8

purposes listed under Section 1681b of the Fair Credit Reporting Act; and

(f)     failing to comply with the reasonable reinvestigation requirements in 15 USC §1681i in that it did not insist on any documentation specifically challenging the letter from the original creditor showing that Plaintiff did not owe the debt and, on information and belief, never contacted the original creditor and, on information and belief, has sought to streamline the investigation process to such an extent that underlying dispute documentation is almost never provided to the furnisher as part of the dispute process.

45.    As a result of defendant, Equifax's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffers, actual damages, including denial of credit, lost opportunity to receive credit, increased cost for credit, financial loss, out of pocket expenses, humiliation, injury to credit rating, embarrassment, damage to his reputation, invasion of privacy and emotional distress, inconvenience, and frustration.

46. Plaintiff requests his attorney fees pursuant to 15 USC §1681o(a).

## SECOND CLAIM FOR RELIEF

### (Against Equifax)

### (Willful Noncompliance with FCRA)

47. Plaintiff realleges and incorporates paragraphs 1 through 42.

48. Defendant Equifax willfully failed to comply with the requirements of FCRA, including but not limited to:

(a)     failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 USC §1681e(b);

9

(b)     failing to provide the furnisher of disputed information with all relevant information regarding the dispute that Defendant, EQUIFAX, received from Plaintiff in accordance with 15 U.S.C. § 1681i(a)(2)(A);

(c)     failing to review and consider all relevant information submitted by Plaintiff in conducting reinvestigations of disputed accounts in accordance with 15 U.S.C. § 1681i(a)(4);

(d)     failing to comply with the permissible purpose requirements in 15 U.S.C. §1681b in that the credit bureau released Plaintiff's credit report to LVNV after it was provided with objective evidence that Plaintiff did not owe a debt to Defendant, LVNV;

(e)     failing to comply with 15 U.S.C. § 1681e(a) in that the credit bureau did not maintain reasonable procedures designed to avoid violations of section 1681c of the Fair Credit Reporting Act and to limit the furnishing of consumer reports to the purposes listed under Section 1681b of the Fair Credit Reporting Act; and

(f)     failing to comply with the reasonable reinvestigation requirements in 15 USC §1681i in that it did not insist on any documentation specifically challenging the letter from the original creditor showing that Plaintiff did not owe the debt and, on information and belief, never contacted the original creditor and, on information and belief, has sought to streamline the investigation process to such an extent that underlying dispute documentation is almost never provided to the furnisher as part of the dispute process.

49.     As a result of defendant's failure to comply with the requirements of FCRA,

plaintiff has suffered, and continues to suffer, actual damages, including denial of credit, lost opportunity to receive credit, increased cost for credit, damage to his reputation, invasion of privacy and emotional distress.

50. Plaintiff also seeks punitive damages.

51. Plaintiff requests his attorney fees pursuant to 15 USC §1681n(a).

### THIRD CLAIM FOR RELIEF

### (Against Experian)

### (Negligent Noncompliance with FCRA)

52. Plaintiff realleges and incorporates paragraphs 1 through 42.

53. Defendant Experian negligently failed to comply with the requirements of FCRA, including but not limited to:

(a)   failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 USC §1681e(b);

(b)   failing to provide the furnisher of disputed information with all relevant information regarding the dispute that Defendant EXPERIAN received from Plaintiff in accordance with 15 U.S.C. § 1681i(a)(2)(A);

(c)   failing to review and consider all relevant information submitted by Plaintiff in conducting reinvestigations of disputed accounts in accordance with 15 U.S.C. § 1681i(a)(4);

(d)   failing to comply with the permissible purpose requirements in 15 U.S.C. §1681b in that the credit bureau released Plaintiff's credit report to Defendant LVNV after it was provided with objective evidence that plaintiff did not owe a debt to

11

Defendant LVNV;

(e)     failing to comply with 15 U.S.C. § 1681e(a) in that the credit bureau did not maintain reasonable procedures designed to avoid violations of section 1681c of the Fair Credit Reporting Act and to limit the furnishing of consumer reports to the purposes listed under Section 1681b of the Fair Credit Reporting Act; and

(f)     failing to comply with the reasonable reinvestigation requirements in 15 USC §1681i in that it did not insist on any documentation specifically challenging the letter from the original creditor showing that Plaintiff did not owe the debt and, on information and belief, never contacted the original creditor and, on information and belief, has sought to streamline the investigation process to such an extent that underlying dispute documentation is almost never provided to the furnisher as part of the dispute process.

54. As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including denial of credit, lost opportunity to receive credit, increased cost for credit, damage to his reputation, invasion of privacy and emotional distress.

55. Plaintiff requests his attorney fees pursuant to 15 USC §1681o(a).

## FOURTH CLAIM FOR RELIEF

### (Against Experian)

### (Willful Noncompliance with FCRA)

56. Plaintiff realleges and incorporates paragraphs 1 through 42.

57. Defendant Experian willfully failed to comply with the requirements of FCRA, including but not limited to:

(a)     failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 USC §1681e(b);

(b)     failing to provide the furnisher of disputed information with all relevant information regarding the dispute that Defendant, EXPERIAN, received from Plaintiff in accordance with 15 U.S.C. § 1681i(a)(2)(A);

(c)     failing to review and consider all relevant information submitted by Plaintiff in conducting reinvestigations of disputed accounts in accordance with 15 U.S.C. § 1681i(a)(4);

(d)     failing to comply with the permissible purpose requirements in 15 U.S.C. §1681b in that the credit bureau released Plaintiff's credit report to Defendant LVNV after it was provided with objective evidence that Plaintiff did not owe a debt to Defendant, LVNV;

(e)     failing to comply with 15 U.S.C. § 1681e(a) in that the credit bureau did not maintain reasonable procedures designed to avoid violations of section 1681c of the Fair Credit Reporting Act and to limit the furnishing of consumer reports to the purposes listed under Section 1681b of the Fair Credit Reporting Act; and

(f)     failing to comply with the reasonable reinvestigation requirements in 15 USC §1681i in that it did not insist on any documentation specifically challenging the letter from the original creditor showing that Plaintiff did not owe the debt and, on information and belief, never contacted the original creditor and, on information

and belief, has sought to streamline the investigation process to such an extent that underlying dispute documentation is almost never provided to the furnisher as part of the dispute process.

58.  As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including denial of credit, lost opportunity to receive credit, increased cost for credit, damage to his reputation, invasion of privacy and emotional distress.

59.  Plaintiff also seeks punitive damages.

60.  Plaintiff requests statutory damages and his attorney's fees pursuant to 15 USA §1681n(a).

**FIFTH CLAIM FOR RELIEF**

**(Against Trans Union)**

**(Negligent Noncompliance with FRCA)**

61.  Plaintiff realleges and incorporates paragraphs 1 through 42.

62.  Defendant Trans Union negligently failed to comply with the requirements of FCRA, including but not limited to:

(g)  failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 USC §1681e(b);

(h)  failing to provide the furnisher of disputed information with all relevant information regarding the dispute that Defendant TRANS UNION received from Plaintiff in accordance with 15 U.S.C. § 1681i(a)(2)(A);

(i)  failing to review and consider all relevant information submitted by Plaintiff in

conducting reinvestigations of disputed accounts in accordance with 15 U.S.C. §
1681i(a)(4);

(j)     failing to comply with the permissible purpose requirements in 15 U.S.C. §1681b
        in that the credit bureau released Plaintiff's credit report to Defendant LVNV after
        it was provided with objective evidence that plaintiff did not owe a debt to
        Defendant LVNV;

(k)     failing to comply with 15 U.S.C. § 1681e(a) in that the credit bureau did not
        maintain reasonable procedures designed to avoid violations of section 1681c of
        the Fair Credit Reporting Act and to limit the furnishing of consumer reports to the
        purposes listed under Section 1681b of the Fair Credit Reporting Act; and

(l)     failing to comply with the reasonable reinvestigation requirements in 15 USC
        §1681i in that it did not insist on any documentation specifically challenging the
        letter from the original creditor showing that Plaintiff did not owe the debt and, on
        information and belief, never contacted the original creditor and, on information
        and belief, has sought to streamline the investigation process to such an extent that
        underlying dispute documentation is almost never provided to the furnisher as part
        of the dispute process.

63.     As a result of defendant's failure to comply with the requirements of FCRA,
plaintiff has suffered, and continues to suffer, actual damages, including denial of credit, lost
opportunity to receive credit, increased cost for credit, damage to his reputation, invasion of
privacy and emotional distress.

64.     Plaintiff requests his attorney fees pursuant to 15 USC §1681o(a).

## SIXTH CLAIM FOR RELIEF

### (Against Trans Union)

### (Willful Noncompliance with FCRA)

65.    Plaintiff realleges and incorporates paragraphs 1 through 42.

66.    Defendant Trans Union willfully failed to comply with the requirements of FCRA, including but not limited to:

(g)    failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 USC §1681e(b);

(h)    failing to provide the furnisher of disputed information with all relevant information regarding the dispute that Defendant TRANS UNION received from Plaintiff in accordance with 15 U.S.C. § 1681i(a)(2)(A);

(i)    failing to review and consider all relevant information submitted by Plaintiff in conducting reinvestigations of disputed accounts in accordance with 15 U.S.C. § 1681i(a)(4);

(j)    failing to comply with the permissible purpose requirements in 15 U.S.C. §1681b in that the credit bureau released Plaintiff's credit report to Defendant LVNV after it was  provided with objective evidence that Plaintiff did not owe a debt to Defendant   LVNV;

(k)    failing to comply with 15 U.S.C. § 1681e(a) in that the credit bureau did not maintain reasonable procedures designed to avoid violations of section 1681c of the Fair Credit Reporting Act and to limit the furnishing of consumer reports to the purposes listed under Section 1681b of the Fair Credit Reporting Act; and

16

(l)     Failing to comply with the reasonable reinvestigation requirements in 15 USC §1681i in that it did not insist on any documentation specifically challenging the letter from the original creditor showing that Plaintiff did not owe the debt and, on information and belief, never contacted the original creditor and, on information and belief, has sought to streamline the investigation process to such an extent that underlying dispute documentation is almost never provided to the furnisher as part of the dispute process.

67.     As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including denial of credit, lost opportunity to receive credit, increased cost for credit, damage to his reputation, invasion of privacy and emotional distress.

68.     Plaintiff also seeks punitive damages.

69.     Plaintiff requests his attorney fees pursuant to 15 USC §1681n(a).

## SEVENTH CLAIM FOR RELIEF

## (Against LVNV FUNDING)

## (Negligent Noncompliance with FRCA)

70.     Plaintiff realleges and incorporates paragraphs 1 through 42.

71.     Sometime prior to June 2010, Defendant LVNV began reporting a derogatory account to Equifax, Experian and Trans Union.

72.     In June 2010, the LVNV account was being reported by Equifax, Experian and Trans Union on Plaintiff's credit reports as a derogatory account.

73.     Plaintiff notified Equifax, Experian and Trans Union that the LVNV account did

17

not belong to him in 2010.

74.     On information and belief, Equifax, Experian and Trans Union notified Defendant LVNV of Plaintiff's disputes that the account did not belong to him.

75.     Equifax, Experian and Trans Union reported to Plaintiff that Defendant LVNV allegedly verified that the account belonged to him.

76.     The LVNV account remained on Plaintiff's credit reports and was reported to all persons who received credit reports from Equifax, Experian and Trans Union concerning the Plaintiff.

77.     Plaintiff was damaged as a result.

78.     In addition, Defendant LVNV accessed Plaintiff's credit report on numerous occasions without a permissible purpose as defined by the Act. 15 U.S.C. Section 1681b.

79.     Defendant LVNV negligently failed to comply with the provisions of the FCRA, 15 U.S.C. § 1681s-2(b).

80.     This subsection requires a furnisher to conduct a "reasonable investigation" of a consumer's dispute after it receives notice of that dispute through the credit reporting agency (CRA).

81.     Section 1681s-2(b) imposes five additional duties upon a furnisher.  These duties are triggered by a dispute "with regard to the completeness or accuracy" of the information provided by the furnisher to the CRA.  15 U.S.C.  § 1681s-2(b) (1).

82.     The first and second of these, §§ 1681s-2(b)(1)(A) and (B), require a furnisher to "conduct an investigation" and in doing so "to review all relevant information" provided by the credit reporting agency.

83.   The requirements of §§ 1681s-2(b)(1)(A), to "conduct an investigation," are extensive.   In accordance with its "ordinary, contemporary, and common meaning," an "investigation" is a "detailed inquiry or systematic examination."   Am. Heritage Dictionary 920 (4th ed. 2000), as cited in *Johnson v. MBNA*, 357 F.3d 426 (4th Cir. 2004).   By the use of the term "investigation", Congress intended to impose a rigorous standard requiring more than a minimal examination.

84.   Had the debt collector performed a reasonable reinvestigation, it would have discovered that plaintiff had repeatedly and vigorously disputed the debt to the original creditor, prior debt collectors, the debt collector's attorney and to the debt collector itself and that the debt belonged to another person.

85.   On information and belief, the debt collector never reviewed the original documents as part of its investigation.

86.   On information and belief, the debt collector never asked the credit bureaus for copies of the exact dispute and instead relied upon a code summarizing the dispute in an effort to make such investigations cheaper rather than reasonable.

87.   Upon the third of a furnisher's obligations under § 1681s-2(b), the creditor or debt collector must "report the results of the investigation to the consumer reporting agency."   15 U.S.C.  § 1681s-2(b)(1)(C).  Sometimes, a furnisher may not be able to conclusively determine through its standard procedures whether or not information or an account is correctly reported. Under these circumstances, the furnisher must still report "the results of the investigation" to the CRA.  If a furnisher cannot conclusively determine the accuracy of its data, it must inform the CRA of the limitations of its investigation.  Defendant LVNV could have at least informed the

19

credit reporting agencies that it could not conclusively verify that Plaintiff was an obligor.

88.     The Fair Credit Reporting Act also requires a furnisher to inform all other CRA's to whom it has reported of the results of its investigation.   15 U.S.C.   § 1681s-2(b)(1)(D).

89.     The final requirement obligates the furnisher to correct its own internal records to ensure that the inaccuracy does not get re-reported.   15 U.S.C.   § 1681s-2(b)(1)(E).

90.     As a result of the Defendant LVNV's violations, Plaintiff has suffered damages, including but not limited to the following:   financial loss, denial of credit, loss of credit opportunity, out-of-pocket expenses, humiliation, emotional distress, and injury to reputation, injury to credit rating, embarrassment, frustration, inconvenience, and harm to his interest in privacy.

91.     Plaintiff requests his attorney's fees pursuant to 15 USC §1681o(a).

## EIGHTH CLAIM FOR RELIEF

### (Against LVNV FUNDING.)

### (Willful Noncompliance with FCRA)

92.     Plaintiff realleges and incorporates paragraphs 1 through 42.

93.     Defendant LVNV willfully failed to comply with one or more of the provisions of FCRA as set forth in the previous Court, including but not limited to failing to comply with the requirements in 15 U.S.S. §1681s-2(b).

94.     As a result of Defendant LVNV's violations, Plaintiff has suffered damages, including but not limited to the following: financial loss, denial of credit, loss of credit opportunity, out of pocket expenses, humiliation, emotional distress, injury to reputation, injury to credit rating, embarrassment, frustration, inconvenience, and harm to his interest in privacy.

95.     Plaintiff also request punitive damages.

96.     Plaintiff requests his attorney's fees pursuant to 15 USC §1681n(a).

### NINTH CLAIM FOR RELIEF

### (Against LVNV)

### (Florida Consumer Collection Practices Act)

97.     Plaintiff r ealleges and incorporates paragraphs 1 through 42.

98.     Defendant LVNV violated the Florida Consumer Collection Practices Act in one or more of the following ways.

99.     Defendant LVNV violated the Florida Consumer Collection Practices Act, Section 559.72(5) by advising the credit bureaus that Plaintiff had an unpaid collection account when that information was false.

100.    Defendant   LVNV violated the Florida Consumer Collection Practices Act, Section 559.72(6), by failing, at various times, to disclose to the credit reporting agencies that Plaintiff reasonably disputed the debt.

101.    Defendant LVNV violated the Florida Consumer Collection Practices Act, Section 559.72(9), by claiming, attempting, or threatening to enforce the debt when Defendant LVNV knew the debt was not legitimate.

102.    Defendant LVNV 's violations of the Florida Consumer Collection Practices Act caused Plaintiff to suffer damages, including denial of credit, increased cost of credit, lost opportunity to receive credit, damage to his reputation, invasion of privacy and emotional distress for which Plaintiff seeks damages.

103.    Plaintiff also seeks punitive damages.

104.    Plaintiff also requests statutory damages of $1,000, and attorney's fees and costs, pursuant to Section 559.77(2).

## TENTH CLAIM FOR RELIEF

### (Against LVNV)

### (Fair Debt Collection Practices Act)

105.    The allegations in paragraphs 1 through 42 of this Complaint are re-alleged and incorporated herein by this reference.

106.    This is an action for damages brought by an individual consumer for Defendant LVNV's violations of the FDCPA which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

107.    Defendant LVNV is a debt collector as defined under 15 U.S.C. § 1692a.

108.    Plaintiff is a consumer under the FDCPA.

109.    Defendant LVNV violated one or more provisions of the Fair Debt Collection Practices Act including but not limited to the allegations as follows.

110.    Defendant LVNV violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with collection of a debt.

111.    Defendant LVNV violated 15 U.S.C. § 1692g(b) by failing to provide verification of the debt and continuing its debt collection efforts after the Plaintiff had disputed the debt in writing on June 8, 2010 and, again, on August 3, 2010.

22

112.   Defendant LVNV violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the debt collection by reporting the debt to the credit bureaus without notating that it was disputed.

113.   Under 15 U.S.C. § 1692e, a debt collector violates the Fair Debt Collection Practices Act if it uses "any false, deceptive, or misleading representation or means in connection with the collection of any debt." This prohibition includes false representations as to "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(1)(A). Thus, a consumer states a valid claim for relief under the Act when he alleges that a debt collector has made false representations as to the legal status of a debt in connection with the sale, transfer or assignment of a debt to another debt collector, with the knowledge that the purchaser, transferee or assignee intends to initiate or continue attempts to collect the debt.   Defendant LVNV violated this provision of the Act when it referred the debt to another agency knowing it was hotly disputed.

114.   As a result of the above violations of the FDCPA, Defendant LVNV is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and costs and attorney's fees pursuant to 15 U.S.C. § 1692K.

WHEREFORE, plaintiff, Mario A. Manago, prays for judgment against Defendants as follows:

**On the First Claim for Relief:**

A.     Awarding actual damages to plaintiff;

B.     Attorneys' fees; and

C.     Costs and expenses incurred in the action.

**On the Second Claim for Relief:**

A.      Awarding actual damages to plaintiff;

B.      Punitive damages;

C.      Attorneys' fees; and

D.      Costs and expenses incurred in the action.

**On the Third Claim for Relief:**

A.      Awarding actual damages to plaintiff;

B.      Attorneys' fees;

C.      Costs and expenses incurred in the action.

**On the Fourth Claim for Relief:**

A.      Awarding actual damages;

B.      Punitive damages;

C.      Attorneys' fees; and

D.      Costs and expenses incurred in the action.

**On the Fifth Claim for Relief:**

A.      Awarding actual damages to plaintiff;

B.      Attorneys' fees; and

C.      Costs and expenses incurred in the action.

**On the Sixth Claim for Relief:**

A.      Awarding actual damages to plaintiff;

B.      Punitive damages;

C.      Attorneys' fees; and

D.      Costs and expenses incurred in the action.

**On the Seventh Claim for Relief:**

A.      Awarding actual damages to plaintiff;

B.      Attorneys' fees; and

C.      Costs and expenses incurred in the action.

D.      Other liability as the court should find just, based on the frequency, persistence, and nature of non-compliance by Defendant.

**On the Eighth Claim for Relief:**

A.      Awarding actual damages to plaintiff;

B.      Punitive damages;

C.      Attorneys' fees; and

D.      Costs and expenses incurred in the action.

**On the Ninth Claim for Relief:**

A.      Awarding actual and statutory damages to Plaintiff;

B.      Attorneys' fees;

C.      Costs and expenses incurred in the action;

D.      Punitive damages; and

E.      Such equitable relief as this Court deems necessary or proper, including enjoining the defendant from further violations of this part, pursuant to Fla. Stat. § 559.78.

**On the Tenth Claim for Relief:**

A.      Awarding actual damages;

B.      statutory damages;

C.      Attorney's fees; and

D.     Costs and expenses incurred in the action.

PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

DATED this ___13th___ day of July, 2011.

Respectfully Submitted,

**STEVEN M. FAHLGREN, ESQUIRE**
Florida Bar No.: 0008450
Law Offices of Steven M. Fahlgren, P.A.
552382 U.S. Highway 1 North
Hilliard, FL 32046
Telephone: (904) 845-2255
Facsimile: (904) 845-3934
Attorney for Plaintiff

26