UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARIO A. MANAGO,

    Plaintiff,

v.                                  Case No. 3:11-cv-00693-MMH-JRK

LVNV FUNDING LLC
EQUIFAX INFORMATION SERVICES LLC
EXPERIAN INFORMATION SOLUTIONS, INC.;
And TRANS UNION LLC,

    Defendants.
_____/

**DEFENDANT, LVNV FUNDING LLC'S,**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

    Defendant, LVNV Funding LLC (LVNV), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Mario A. Manago ("Plaintiff"), and states:

    1.    Upon information and belief, LVNV admits the allegations in ¶ 1 of Plaintiff's Complaint for jurisdictional purposes only.

    2.    LVNV denies the allegations in ¶ 2 of Plaintiff's Complaint as calling for a legal conclusion.

    3.    LVNV denies the allegations in ¶ 3 of Plaintiff's Complaint.

    4.    LVNV denies the allegations in ¶ 4 of Plaintiff's Complaint as calling for a legal conclusion.

    5.    LVNV denies the allegations contained in ¶ 5 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

6. LVNV denies the allegations contained in ¶ 6 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

7. LVNV denies the allegations contained in ¶ 7 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

8. LVNV denies the allegations contained in ¶ 8 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

9. LVNV denies the allegations contained in ¶ 9 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

10. LVNV admits the allegations contained in ¶ 10 of Plaintiff's Complaint.

11. LVNV denies the allegations contained in ¶ 11 of Plaintiff's Complaint.

12. LVNV denies the allegations contained in ¶ 12 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

13. LVNV denies the allegations contained in ¶ 13 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

14. LVNV denies the allegations contained in ¶ 14 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

15. Upon information and belief, LVNV admits it received a letter from Plaintiff. Except as specifically admitted, LVNV denies the remaining allegations in ¶ 15 of Plaintiff's Complaint. Further, the letter speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations in ¶ 15 state otherwise, they are denied.

16. LVNV denies the allegations contained in ¶ 16 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein. Further, the letter

speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations in ¶ 16 speak otherwise, they are denied.

17. LVNV denies the allegations contained in ¶ 17 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein. Further, the letter speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations in ¶ 17 state otherwise, they are denied.

18. LVNV denies the allegations contained in ¶ 18 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein. Further, the letter speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations in ¶ 18 state otherwise, they are denied.

19. LVNV denies the allegations contained in ¶ 19 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein. Further, the letter speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations in ¶ 19 state otherwise, they are denied.

20. LVNV denies the allegations contained in ¶ 20 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein. Further, the letter speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations in ¶ 20 state otherwise, they are denied.

21. LVNV denies the allegations in ¶ 21 of Plaintiff's Complaint for lack of knowledge and information to form a reasonable belief therein. Further, the letter speaks for itself and is the best evidence of its contents.

22. Upon information and belief, LVNV admits it received a letter from Plaintiff on or about September 17, 2010. Except as specifically admitted, LVNV denies the remaining allegations in ¶ 22 of Plaintiff's Complaint. Further, the letter speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations in ¶ 22 state otherwise, they are denied.

23. LVNV denies the allegations contained in ¶ 23 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein. Further, the letter speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations in ¶ 23 state otherwise, they are denied.

24. LVNV denies the allegations contained in ¶ 24 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein. Further, the letter speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations in ¶ 24 state otherwise, they are denied.

25. LVNV denies the allegations contained in ¶ 25 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein. Further, the letter speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations in ¶ 25 state otherwise, they are denied.

26. LVNV denies the allegations contained in ¶ 26 of Plaintiff's Complaint.

27. LVNV denies the allegations contained in ¶ 27 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein. Further, the letters speak for themselves and are the best evidence of their contents. To the extent Plaintiff's allegations in ¶ 27 state otherwise, they are denied.

28. LVNV denies the allegations contained in ¶ 28 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.  Further, the letter speaks for itself and is the best evidence of its contents.  To the extent Plaintiff's allegations in ¶ 28 state otherwise, they are denied.

29. LVNV denies the allegations contained in ¶ 29 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.  Further, the letter speaks for itself and is the best evidence of its contents.  To the extent Plaintiff's allegations in ¶ 29 state otherwise, they are denied.

30. LVNV denies the allegations contained in ¶ 30 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.  Further, the credit report is the best evidence of its contents.  To the extent Plaintiff's allegations in ¶ 30 state otherwise, they are denied.

31. LVNV denies the allegations contained in ¶ 31 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.  Further, the letters speak for themselves and are the best evidence of their contents.  To the extent Plaintiff's allegations in ¶ 31 state otherwise, they are denied.

32. LVNV denies the allegations contained in ¶ 32 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.  Further, the letter speaks for itself and is the best evidence of its contents.  To the extent Plaintiff's allegations in ¶ 32 state otherwise, they are denied.

33. LVNV denies the allegations contained in ¶ 33 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein. Further, the letter

speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations in ¶ 33 state otherwise, they are denied.

34. LVNV admits the allegations contained in ¶ 34 of Plaintiff's Complaint.

35. LVNV denies the allegations contained in ¶ 35 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

36. Upon information and belief, LVNV admits Plaintiff filed a complaint with the Federal Trade Commission against LVNV. Except as specifically admitted, LVNV denies the remaining allegations in ¶ 36 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief therein. Further, the complaint speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations in ¶ 36 state otherwise, they are denied.

37. LVNV denies the allegations contained in ¶ 37 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein. Further, the letter speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations in ¶ 37 state otherwise, they are denied.

38. LVNV denies the allegations contained in ¶ 38 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein. Further, Resurgent Capital Services' response speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations in ¶ 38 state otherwise, they are denied.

39. LVNV denies the allegations contained in ¶ 39 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein. Further, the letter

speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations in ¶ 39 state otherwise, they are denied.

40. LVNV denies the allegations contained in ¶ 40 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein. Further, the Better Business Bureau's notification and Plaintiff's response speak for themselves and are the best evidence of their content. To the extent Plaintiff's allegations in ¶ 40 state otherwise, they are denied.

41. LVNV denies the allegations contained in ¶ 41 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein. Further, the letter speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations in ¶ 41 state otherwise, they are denied.

42. LVNV denies the allegations contained in ¶ 42 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein. Further, the letter speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations in ¶ 42 state otherwise, they are denied.

**FIRST CLAIM FOR RELIEF**

**(Against Equifax)**

**(Negligent Noncompliance with FCRA)**

43. LVNV reasserts the foregoing as if fully stated herein.

44. LVNV denies the allegations contained in ¶ 44 and all subparts of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

45. LVNV denies the allegations contained in ¶ 45 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

46. LVNV denies the allegations contained in ¶ 46 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

## SECOND CLAIM FOR RELIEF

**(Against Equifax)**

**(Willful Noncompliance with FCRA)**

47. LVNV reasserts the foregoing as if fully stated herein.

48. LVNV denies the allegations contained in ¶ 48 and all subparts of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

49. LVNV denies the allegations contained in ¶ 49 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

50. LVNV denies the allegations contained in ¶ 50 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

51. LVNV denies the allegations contained in ¶ 51 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

## THIRD CLAIM FOR RELIEF

**(Against Experian)**

**(Negligent Noncompliance with FCRA)**

52. LVNV reasserts the foregoing as if fully stated herein.

53. LVNV denies the allegations contained in ¶ 53 and all subparts of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

54. LVNV denies the allegations contained in ¶ 54 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

55. LVNV denies the allegations contained in ¶ 55 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

**FOURTH CLAIM FOR RELIEF**

**(Against Experian)**

**(Willful Noncompliance with FCRA)**

56. LVNV reasserts the foregoing as if fully stated herein.

57. LVNV denies the allegations contained in ¶ 57 and all subparts of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

58. LVNV denies the allegations contained in ¶ 58 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

59. LVNV denies the allegations contained in ¶ 59 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

60. LVNV denies the allegations contained in ¶ 60 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

**FIFTH CLAIM FOR RELIEF**

**(Against Trans Union)**

**(Negligent Noncompliance with FCRA)**

61.    LVNV reasserts the foregoing as if fully stated herein.

62.    LVNV denies the allegations contained in ¶ 62 and all subparts of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

63.    LVNV denies the allegations contained in ¶ 63 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

64.    LVNV denies the allegations contained in ¶ 64 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

**SIXTH CLAIM FOR RELIEF**

**(Against Trans Union)**

**(Willful Noncompliance with FCRA)**

65.    LVNV reasserts the foregoing as if fully stated herein.

66.    LVNV denies the allegations contained in ¶ 66 and all subparts of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

67.    LVNV denies the allegations contained in ¶ 67 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

68.    LVNV denies the allegations contained in ¶ 68 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

69. LVNV denies the allegations contained in ¶ 69 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

## SEVENTH CLAIM FOR RELIEF

### (Against LVNV FUNDING)

### (Negligent Noncompliance with FCRA)

70. LVNV reasserts the foregoing as if fully stated herein.

71. LVNV admits the allegations in ¶ 71 of Plaintiff's Complaint.

72. LVNV admits that it reported account information regarding the account holder's account to the credit bureaus. To the extent not admitted, LVNV denies the allegations in ¶ 72 of Plaintiff's Complaint.

73. LVNV denies the allegations in ¶ 73 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

74. LVNV denies the allegations in ¶ 74 of Plaintiff's Complaint.

75. LVNV denies the allegations in ¶ 75 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

76. LVNV denies the allegations in ¶ 76 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

77. LVNV denies the allegations in ¶ 77 of Plaintiff's Complaint.

78. LVNV denies the allegations in ¶ 78 of Plaintiff's Complaint.

79. LVNV denies the allegations in ¶ 79 of Plaintiff's Complaint.

80. The FCRA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 80 of Plaintiff's Complaint speak otherwise, they are denied.

81. The FCRA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 81 of Plaintiff's Complaint speak otherwise, they are denied.

82. The FCRA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 82 of Plaintiff's Complaint speak otherwise, they are denied.

83. LVNV denies the allegations in ¶ 81 of Plaintiff's Complaint as calling for a legal conclusion.

84. LVNV denies the allegations in ¶ 84 of Plaintiff's Complaint.

85. LVNV denies the allegations in ¶ 85 of Plaintiff's Complaint.

86. LVNV denies the allegations in ¶ 86 of Plaintiff's Complaint.

87. LVNV denies the allegations in ¶ 87 of Plaintiff's Complaint as calling for a legal conclusion. Further, the FCRA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 87 of Plaintiff's Complaint speak otherwise, they are denied.

88. The FCRA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 88 of Plaintiff's Complaint speak otherwise, they are denied.

89. The FCRA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 89 of Plaintiff's Complaint speak otherwise, they are denied.

90. LVNV denies the allegations in ¶ 90 of Plaintiff's Complaint.

91. LVNV admits Plaintiff purports to request his attorneys' fees but denies any liability, damages, and wrongdoing under the law. Except as specifically admitted, LVNV denies the allegations contained in ¶ 91 of Plaintiff's Complaint.

### EIGHTH CLAIM FOR RELIEF

### (Against LVNV FUNDING)

### (Willful Noncompliance with FCRA)

92. LVNV reasserts the foregoing as if fully stated herein.

93. LVNV denies the allegations in ¶ 93 of Plaintiff's Complaint.

94. LVNV denies the allegations in ¶ 94 of Plaintiff's Complaint.

95. LVNV admits Plaintiff purports to seek punitive damages but denies any liability, damages, and wrongdoing under the law. Except as specifically admitted, LVNV denies the allegations contained in ¶ 95 of Plaintiff's Complaint.

96. LVNV admits Plaintiff purports to request his attorneys' fees but denies any liability, damages, and wrongdoing under the law. Except as specifically admitted, LVNV denies the allegations contained in ¶ 96 of Plaintiff's Complaint.

### NINTH CLAIM FOR RELIEF

### (Against LVNV)

### (Florida Consumer Collection Practices Act)

97. LVNV reasserts the foregoing as if fully stated herein.

98. LVNV denies the allegations in ¶ 98 of Plaintiff's Complaint.

99. LVNV denies the allegations in ¶ 99 of Plaintiff's Complaint.

100. LVNV denies the allegations in ¶ 100 of Plaintiff's Complaint.

101. LVNV denies the allegations in ¶ 101 of Plaintiff's Complaint.

102. LVNV denies the allegations in ¶ 102 of Plaintiff's Complaint.

103. LVNV admits Plaintiff purports to seek punitive damages but denies any liability, damages, and wrongdoing under the law. Except as specifically admitted, LVNV denies the allegations contained in ¶ 103 of Plaintiff's Complaint.

104. LVNV admits Plaintiff purports to request statutory damages and his attorneys' fees and costs but denies any liability, damages, and wrongdoing under the law. Except as specifically admitted, LVNV denies the allegations contained in ¶ 104 of Plaintiff's Complaint.

## TENTH CLAIM FOR RELIEF
### (Against LVNV)
### (Fair Debt Collection Practices Act)

105. LVNV reasserts the foregoing as if fully stated herein.

106. LVNV admits Plaintiff purports to bring this action for alleged violations of the FDCPA but denies any and all liability, damages, and wrongdoing under the law. Except as specifically admitted, LVNV denies the allegations contained in ¶ 106 of Plaintiff's Complaint. Further, the FDCPA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 106 of Plaintiff's Complaint speak otherwise, they are denied.

107. LVNV denies the allegations in ¶ 107 of Plaintiff's Complaint as calling for a legal conclusion.

108. LVNV denies the allegations in ¶ 108 of Plaintiff's Complaint as calling for a legal conclusion.

109. LVNV denies the allegations in ¶ 109 of Plaintiff's Complaint.

110. LVNV denies the allegations in ¶ 110 of Plaintiff's Complaint.

111. LVNV denies the allegations in ¶ 111 of Plaintiff's Complaint.

112. LVNV denies the allegations in ¶ 112 of Plaintiff's Complaint.

113. LVNV denies the allegations in ¶ 113 of Plaintiff's Complaint as calling for a legal conclusion.  Further, the FDCPA speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 113 of Plaintiff's Complaint speak otherwise, they are denied.

114. LVNV denies the allegations in ¶ 114 of Plaintiff's Complaint.

## LVNV'S AFFIRMATIVE DEFENSES

1. The debt is due and owing, and any reporting thereof was and is accurate.

2. Plaintiff has not stated a claim upon which relief may be granted.

3. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

4. LVNV denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of LVNV's purported violations.

5. One or more claims asserted by Plaintiff are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

6. Assuming that Plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

7. Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than LVNV and were beyond the control or supervision of LVNV or for whom LVNV was and is not responsible or liable.

WHEREFORE, Defendant, LVNV Funding, L.L.C., requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully Submitted,

/s/Kenneth C. Grace
Kenneth C. Grace, Esq.
Florida Bar No.: 0658464
Dayle M. Van Hoose, Esq.
Florida Bar No.: 016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone:    (813) 890-2463
Facsimile:    (866) 466-3140
kgrace@sessions-law.biz
dvanhoose@sessions-law.biz

Attorneys for Defendant,
LVNV Funding, L.L.C.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of August 2011 a copy of the foregoing was served electronically via CM/ECF on the following:

Steven Michael Fahlgren
sfahlgren@fortheconsumer.com
Steven M. Fahlgren, PA
552382 US Hwy 1 N
Hilliard, FL 32046
904-845-2255
800-973-2134 (Fax)
*Attorney for Plaintiff*

Franklin G. Cosmen
Fcosmen @gpwblaw.com
Quintairos, Prieto, Wood & Boyer, P.A.
9300 S. Dadeland Blvd, 4th Floor
Miami, Florida 33156
Telephone: (305) 670-1101
Facsimile: (305) 670-1161
*Attorney for Defendant*
*Trans Union LLC*

                                                    /s/Kenneth C. Grace_____
                                                    Attorney

524186